No. 23-50453 consolidated with No. 23-50460

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JOSE RAYMUNDO ROSALES
Defendant-Appellant

Appeal from the United States District Court
For the Western District of Texas

————

**SUPPLEMENTAL BRIEF FOR APPELLANT**

————

Respectfully submitted,

*/s/ Dennis Hester*
J. Dennis Hester
7 Bell Yard
London, United Kingdom WC2A 2JR
Tel. 325-212-8272
dennis_hester@outlook.com

## TABLE OF CONTENTS

Table of Citations ……………………………………………………………… ii

Statement of the Case ……………….....………………………………………... 1

    A.    Procedural background ……………..…………………………….. 1

    B.    Mr. Rosales's challenge to the drug conspiracy sentence (Issue Three) is moot …………………………..……………. 1

Argument …………………………………………....……………..……………. 2

    A. Mr. Rosales's challenge to the reasonableness of the supervised release sentence (Issue One) is not a collateral attack ……... 3

    B. Mr. Rosales's challenge to jurisdiction (Issue Two) is not a collateral attack …………………………………………………… 7

    C. Even if this is a collateral attack, it should be permitted …………………… 9

Conclusion ……………………………………………………………………. 12

Certificate of Service ………………………………………………………… 13

Certificate of Compliance …………………………………………………… 13

# TABLE OF CITATIONS

**CASES**

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) ………………………………. 4, 11

*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990) ………………..………. 8

*Ralph v. Blackburn*, 590 F.2d 1335 (5th Cir. 1979) ………………………………. 4

*United States v. Capistrano*, 74 F.4th 756 (5th Cir. 2023) ………………………. 7

*Unted States v. Francischine*, 512 F.2d 827 (5th Cir. 1975) ……………….. 9, 10, 11

*United States v. Fuentes*, 906 F.3d 322 (5th Cir. 2018) …………..………… 3, 5, 6

*United States v. Gracia*, 983 F.2d 625 (5th Cir. 1993) ………………...………. 10

*United States v. Garcia-Hernandez*, 74 F. App'x 412 (5th Cir. 2003) …………… 12

*United States v. Henry*, 709 F.2d 298 (5th Cir. 1983) ………..………… 7, 8-9, 10

*United States v. Hernandez-Muniz*, 354 F. App'x 133 (5th Cir. 2009) …………… 10

*United States v. Hinson*, 429 F.3d 114 (5th Cir. 2005) ……………..………… 11

*United States v. Juarez-Velasquez*, 763 F.3d 430 (5th Cir. 2014) ………..……….. 8

*United States v. Kaluza*, 780 F.3d 647 (5th Cir. 2015) ………..………. 8, 9, 10

*United States v. McWaine*, 290 F.3d 269 (5th Cir. 2002) ……………...……….. 10

*United States v. Moody*, 277 F.3d 719 (5th Cir. 2001) …………………………. 11

*United States v. Navejar*, 963 F.2d 732 (5th Cir. 1992) ……………..…………. 11

*United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015) ………………..………. 5

*United States v. Nichols*, 897 F.3d 729 (6th Cir. 2018) ……………………….. 9

*United States v. Perez-Macias*, 335 F.3d 421 (5th Cir. 2003) ……………………. 12

*United States v. Sotelo*, 401 F. App'x 967 (5th Cir. 2010) …………...…………… 10

*United States v. Teran*, 98 F.3d 831 (5th Cir. 1996) ……………………………… 9, 10

*United States v. Vera*, 542 F.3d 457 (5th Cir. 2008) ……...………..…………… 2, 6

*United States v. Willis*, 563 F.3d 168 (5th Cir. 2009) ……..…………………….. 2-7

*Welch v. United States*, 578 U.S. 120 (2016) ……………………..…………….. 8

**STATUTES**

18 U.S.C. § 3583(h) ……………………………………………………..………… 2

18 U.S.C. § 3583(i) ……………………………...………....…………………… 2, 8

28 U.S.C. § 2255 ……………………………………………………………………. 10

## STATEMENT OF THE CASE

**A. Procedural background.**

Jose Rosales challenged the district court's 24-month supervised release revocation sentence and 180-month sentence for engaging in a conspiracy to possess with intent to distribute methamphetamine. Mr. Rosales submitted his brief (D.E. 36) and the government submitted an unopposed motion to vacate both sentences and remand this case for resentencing (D.E. 45). On April 16, 2024, this Court directed Mr. Rosales to submit a supplemental brief addressing whether this appeal is an impermissible collateral attack on his first revocation sentence of June 28, 2019 ("the 2019 revocation"). (D.E. 59).

**B. Mr. Rosales's challenge to the drug conspiracy sentence (Issue Three) is moot.**

The parties have discussed this issue and agree that Issue Three in this case, which challenges the 180-month sentence in the drug conspiracy case, is now moot. On May 3, 2024, the district court reduced this sentence to 160 months pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Rosales*, No. 7:22-CR-288 (W.D. Tex.) (D.E. 84). The reduction was based on Sentencing Guideline Amendment 821, which retroactively eliminated the Sentencing Guideline criminal history points that Mr. Rosales challenged in this appeal. Issue Three, therefore, is moot.

Mr. Rosales has no further addition to the "statement of the case" section of his opening brief.

1

## ARGUMENT

Generally, a defendant cannot collaterally attack their underlying sentence in a revocation proceeding. *See United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009).

However, Mr. Rosales's arguments in Issues One and Two are not collateral attacks on the 2019 revocation sentence. Issue One is a challenge to the reasonableness of the present revocation sentence, which is not a collateral attack per *Willis*, 563 F.3d 168. Issue Two is a challenge to the district court's jurisdiction to impose the present sentence because, as a matter of law, Mr. Rosales completed the 2019 revocation sentence when he served the maximum time permissible under 18 U.S.C. § 3583(h). *See United States v. Vera*, 542 F.3d 457, 462 (5th Cir. 2008). The warrant to revoke supervised release was issued seven months after Mr. Rosales completed the 2019 revocation sentence. The present sentence, therefore, was entered without jurisdiction. 18 U.S.C. § 3583(i).

But even if Mr. Rosales's arguments are construed as a collateral attack on the 2019 revocation sentence, it should be permitted in this unique case. First, the record is sufficiently developed for the Court to fairly evaluate the collateral attack. Second, this Court has suggested that its rule prohibiting collateral attacks on underlying sentences in revocation proceedings may conflict with Supreme Court precedent when the prior sentence is entered without counsel. And the issue here—that the

2019 revocation sentence exceeded the legally authorized maximum sentence—is equally important from a constitutional perspective.

### A. Mr. Rosales's challenge to the reasonableness of the supervised release sentence (Issue One) is not a collateral attack.

Mr. Rosales's reasonableness challenge to the revocation sentence, raised in Issue One, is not a collateral attack. Mr. Rosales is not asking this Court to modify the 2019 revocation sentence. He is simply asking the Court to acknowledge what is plain on the face of the 2019 revocation: that it exceeded the statutory maximum. And because of this, the present revocation sentence (which would not have occurred but for the illegal 2019 sentence) is plainly unreasonable.

Mr. Rosales must show that the sentence is unreasonable, and he must satisfy plain error review. *See United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018).

In his opening brief, Mr. Rosales relied heavily on *Willis*, 563 F.3d 168, which demonstrates that the sentence was plainly unreasonable and that Mr. Rosales satisfies plain error review. *Willis* involved a challenge to one of two consecutive 24-month revocation sentences that was based on a conviction that all parties agreed violated double jeopardy. *Id*. at 169. Importantly, Mr. Willis had previously failed to raise the double jeopardy violation on appeal and in subsequent *habeas* petitions. *Id*. This Court began its analysis by stating:

> The government is correct that, although there is no question the underlying convictions were multiplicitous, Willis may not challenge those underlying convictions in this appeal. It is by now well-

3

>established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence.

*Id*. at 170. Nonetheless, this Court vacated the second 24-month revocation sentence because it was plainly unreasonable. *Id*. It found that Mr. Willis, like Mr. Rosales, was not collaterally attacking the underlying conviction or sentence. *Id*. The appeal did not present a question of the underlying sentence's legality, but "instead the mere fact" of the sentence, "which would require that Willis serve two revocation sentences, consecutively, as a penalty for what all parties now agree was only one offense." *Id*. at 170. Similarly, here, Mr. Rosales received a 24-month sentence based on what "all parties now agree" was an illegal sentence. The "mere fact" of the present sentence is plainly unreasonable—just as in *Willis*.

Though *Willis*'s holding was limited to "cases presenting indistinguishable facts in all material respects," this is such a case. *Id*. at 170. A sentence that exceeds the statutory maximum is at least as serious—if not more serious—than a double jeopardy violation. Both violate the constitution, but a sentence above the statutory maximum violates "constitutional protections of surpassing importance," including "the proscription of any deprivation of liberty without 'due process of law.'" *Apprendi v. New Jersey*, 530 U.S. 466, 476-77 (2000). Such a sentence also violates the Eight Amendment's ban on cruel and unusual punishment. *Ralph v. Blackburn*, 590 F.2d 1335, 1337 (5th Cir. 1979). And of course, incarceration beyond Congress's

4

statutory authorization raises serious concerns over separation of powers. *United States v. Newbold*, 791 F.3d 455, 460 (4th Cir. 2015).

A closer look at a case that distinguished *Willis* shows that *Willis* is controlling here. In *United States v. Fuentes*, this Court held that *Willis* did not establish plain error under the facts present. *See* 906 F.3d at 326. In that case, Mr. Fuentes's supervised release was revoked, and he was sentenced to five years of imprisonment. *Id*. at 324. He argued that the revocation sentence was substantively unreasonable because his original sentence was imposed under the residual clause of the Armed Career Criminals Act (ACCA), which had since been declared unconstitutional. *Id*. Without the ACCA, the maximum available sentence for the revocation would have been two years, rather than five. *Id*. at 326. Citing *Willis*, Mr. Fuentes argued that the district court's five-year sentence was unreasonable. *Id*. But this Court found that *Willis* was "materially different," from Fuentes's case, so it was not "clear or obvious" that Fuentes's five-year sentence was erroneous. *Id*. at 326.

While plain error review applies to Mr. Rosales's case, that is the only similarity between this case and *Fuentes*. This case is much more like *Willis*, which establishes plain error here.

First, *Fuentes* distinguished *Willis* because *Willis* involved an error with the underlying sentence at the time it was imposed, whereas *Fuentes* involved an alleged error that "became apparent years later due to an intervening Supreme Court

5

decision." *Id*. Here, the error with the original sentence (that it exceeded the statutory maximum) was a plain and obvious error in 2019 when the sentence was imposed. *See* ROA.23-50453.59; *United States v. Vera*, 542 F.3d 457, 462 (5th Cir. 2008). This case is like *Willis*.

Second, *Fuentes* distinguished *Willis* because, in *Fuentes*, the government did not agree that the original sentence was erroneous, and Fuentes could not show that the underlying conviction would not qualify as a "violent felony" under the still-valid portion of the ACCA. *Fuentes*, 906 F.3d at 326. Here, on the other hand, the government agrees that the underlying sentence is illegal, and this is supported by clear precedent. *Vera*, 542 F.3d at 462. Again, this case is like *Willis*.

Finally, *Fuentes* found that the relationship between the alleged constitutional violation and the sentence at issue was "quite different" from that of *Willis*. *Fuentes*, 906 F.3d at 326. In *Willis*, "the uncorrected defect in the original conviction was both carried forward and exacerbated" by the challenged revocation sentence. *Id*. Recall that in *Willis*, the "mere fact" of the revocation sentence was at issue because, but for the constitutional violation, the challenged revocation sentence would not have been available to the court. *Willis*, 563 F.3d at 170. The challenge in *Fuentes* did not challenge the "mere fact" of the revocation sentence, but rather the length of it. Again, Mr. Rosales's case is like *Willis*. But for the error in the original sentence, the present sentence would not have been available to the district court. Thus, the

6

constitutional error in the original sentence is both "carried forward and exacerbated" by the challenged sentence. *Willis* applies.

Subjecting a person to two years in prison without justification is plainly unreasonable. "When the Government confesses that a person is facing nearly a year in prison for which there is no legal basis—it matters." *United States v. Capistrano*, 74 F.4th 756, 784 (5th Cir. 2023) (Higginbotham J., concurring in part and dissenting in part). Here, the government confesses that Mr. Rosales will serve two years in prison without legal basis. This must be corrected. *Willis* is controlling. This is not a collateral attack. The two-year revocation sentence is plainly unreasonable, and the district court plainly erred by imposing the sentence.

**B. Mr. Rosales's challenge to jurisdiction (Issue Two) is not a collateral attack.**

Issue Two is a jurisdictional attack on the *present* sentence because, by operation of law, Mr. Rosales had completed his term of supervised release by the time the warrant to revoke supervised release was issued. Like Issue One, this requires the Court to recognize that the 2019 sentence exceeded the statutory maximum, but the Court does not have to modify that sentence to find that the district court acted without jurisdiction. Instead, that sentence is modified by operation of law because a sentence that exceeds the statutory maximum is "a legal nullity" as to the excess. *United States v. Henry*, 709 F.2d 298, 308 (5th Cir. 1983). Mr. Rosales, therefore, is simply asking the Court to recognize that, as a matter of law, the 2019

7

sentence ended when he served the statutory maximum term of supervised release. That occurred in April 2022, almost seven months before the warrant was issued—as the parties agree. Therefore, the district court did not have jurisdiction to revoke supervised release. *See* 18 U.S.C. § 3583(i); *United States v. Juarez–Velasquez*, 763 F.3d 430, 433, 436 (5th Cir.2014)

Review of subject matter jurisdiction is *de novo*, regardless of whether the issue was raised in the district court. *United States v. Kaluza*, 780 F.3d 647, 653 (5th Cir. 2015). A federal court's subject matter jurisdiction can never be forfeited or waived. *Id*. And "[e]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

Here, the parties agree that the district court did not have jurisdiction to revoke supervised release and impose the *present* sentence because, as a matter of law, Mr. Rosales was not on supervised release in November 2022 when the warrant was issued. Any different conclusion gives authority to the clearly illegal portion of Mr. Rosales's 2019 revocation sentence—specifically, the seven months that exceeded the statutory maximum. Doing so is impermissible because "a court lacks the power to exact a penalty that has not been authorized by any valid criminal statute." *Welch v. United States*, 578 U.S. 120, 134 (2016). And again, a sentence that exceeds the statutory maximum is "a legal nullity" as to the excess. *United States v. Henry*, 709

8

F.2d 298, 308 (5th Cir. 1983). A sentence that exceeds the statutory maximum (as Mr. Rosales's did) ceases as a matter of law when the defendant serves the maximum sentence because there is no valid authority to detain him. *Id.*; *United States v. Nichols*, 897 F.3d 729, 735 (6th Cir. 2018) ("the government had no authority to continue to confine" the defendant once he served the statutory maximum sentence). The revocation sentence must be vacated because the district court acted without subject matter jurisdiction.

**C. Even if this is a collateral attack, it should be permitted.**

No case in this Circuit has presented a collateral attack on an underlying conviction that blatantly exceeded the statutory maximum. As a jurisdictional issue, this is distinguishable from other cases in this Circuit that bar collateral attacks on underlying convictions. *See United States v. Teran*, 98 F.3d 831, 833 n. 1 (5th Cir. 1996) (explaining that Circuit law prohibiting collateral attack on an underlying convictions involved claims "other than jurisdiction").[1] And as a jurisdictional issue, *de novo* review applies. *Kaluza*, 780 F.3d at 653.

The foundational case prohibiting a collateral attack on an underlying sentence in a revocation proceeding is *Unted States v. Francischine*, 512 F.2d 827 (5th Cir. 1975). In *Francischine*, the defendant challenged his underlying mail fraud

---

[1] Two other circuits have reached results that seem contrary to Mr. Rosales. *See United States v. Estrada*, 81 F.4th 859, 861 (9th Cir. 2023); *United States v. Whitley*, 841 F. App'x 631, 632 (4th Cir. 2021) (unpublished and expressly stating it is "not binding precedent").

9

conviction, arguing that the Supreme Court had since held that his conduct did not violate the mail fraud statute. *Id*. at 828. This Court explained that the collateral attack was inappropriate given the informalities of a probation revocation hearing, including that the Rules of Evidence do not apply. *Id*. at 829. Such an attack, therefore, could only be raised in a 28 U.S.C. § 2255 proceeding, where issues of fact are resolved under the Rules of Evidence and legal issues are determined under statutes, precedent, and the Constitution. *Id*. at 829. That reasoning does not apply to this case.

First, as explained above, in *United States v. Teran*, this Court made clear that *Francischine* did not involve a challenge to the district court's subject matter jurisdiction, as this case does. 98 F.3d at 834 n. 1. Again, subject matter jurisdiction cannot be waived. *Kaluza*, 780 F.3d at 653. And again, a sentence that exceeds the statutory maximum is "a legal nullity" as to the excess no matter when it is discovered. *Henry*, 709 F.2d at 308.[2]

Second, neither *Francischine* nor any other case from this Circuit prohibiting the collateral attack of an underlying sentence involved a sentence that so blatantly

---

[2] In fact, this Court will correct sentences that exceed the statutory maximum *sua sponte* and without remand. *See United States v. McWaine*, 290 F.3d 269, 277 (5th Cir. 2002) (correcting sentence to supervised release from five years to three years without remand, to conform with statutory maximum); *United States v. Gracia*, 983 F.2d 625, 630 (5th Cir. 1993) (same); *United States v. Sotelo*, 401 F. App'x 967, 969 (5th Cir. 2010) (unpublished) (per curiam) (correcting 87–month sentence to the statutory maximum of 60 months without remand); *United States v. Hernandez-Muniz*, 354 F. App'x 133, 134 (5th Cir. 2009) (unpublished) (per curiam) (correcting 65-month sentence to statutory maximum of 60 months without remand).

exceeded the statutory maximum that there was no need for further investigation. *Francischine*, for example, would have required an evidentiary hearing and investigation into the defendant's conduct in the underlying case to resolve the merits. 512 F.2d at 829. Another oft-cited case, *United States v. Hinson*, involved an alleged *Apprendi* violation, which would require a full review of the underlying case and the judge's sentencing findings. 429 F.3d 114, 116 (5th Cir. 2005). Another case, *United States v. Moody*, likewise involved an alleged *Apprendi* violation. 277 F.3d 719, 721 (5th Cir. 2001). And none of the cases involved a concession from the government that the underlying sentence was illegal. A § 2255 proceeding is needed to resolve such cases, but not this one.

Unlike these cases, there are no fact issues to resolve in Mr. Rosales's case. Instead, it is clear from the record that the 2019 revocation sentence exceeded the statutory maximum. ROA.23-50453.59. Similarly, claims of ineffective assistance of counsel are disfavored on direct appeal, but they are permitted in rare cases, where the record allows the Court to fairly evaluate the merits of the claim. *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992). Here, it is plain and obvious that the 2019 revocation sentence exceeded the statutory maximum. ROA.23-50453.59. This Court can fairly evaluate the merits of this straightforward claim.

Finally, an issue that is equally significant to this one, and one that is equally straightforward from the record in any subsequent revocation hearing, is whether the

defendant is sentenced or convicted without a lawyer. This Court has recognized that a collateral attack on an underlying conviction in a revocation proceeding may be permissible when this right is at issue. *See United States v. Perez-Macias*, 335 F.3d 421, 428 (5th Cir. 2003) ("it may be the case that a misdemeanor defendant who was convicted without counsel may not be sentenced to prison upon revocation of his probation"). Since *Perez-Macias*, this Court recognized that the rule of *Francischine* may conflict with Supreme Court precedent and the position of the Solicitor General concerning collateral attacks by defendants who are convicted of misdemeanors without counsel if they later face prison time in a probation revocation proceeding. *See United States v. Garcia-Hernandez*, 74 F. App'x 412, 415 n. 2 (5th Cir. 2003).

The issues presented—jurisdiction and the constitutional violations presented by a sentence that exceeds the statutory maximum—are equally important to the right to counsel. A narrow exception to *Francischine* should be recognized in this case.

## CONCLUSION

The 24-month supervised release revocation sentence should be vacated.

Respectfully submitted,

*/s/ Dennis Hester*
J. Dennis Hester
TX State Bar No. 24065415
7 Bell Yard
London, United Kingdom WC2A 2JR
Tel. 325-212-8272

12

## CERTIFICATE OF SERVICE

This brief was served upon counsel for the appellee by notice of electronic filing with the Fifth Circuit CM/ECF system.

*/s/ Dennis Hester*

## CERTIFICATE OF COMPLIANCE

1. This supplemental brief complies with the type-volume limitations of FED. R. APP. P. 32(a)(7)(B) & (f) because it contains 2,810 words.

2. This brief complies with the typeface and type style requirements of FED. R. APP. P. 32(a)(5)-(6) because it has been prepared with the current version of Microsoft Word software, Microsoft Office 365 edition, using the proportionally spaced, Times New Roman typeface in the text (14-point) and footnotes (12-point).

3. This brief was filed electronically, in native Portable Document File (PDF) format, via the Fifth Circuit's CM/ECF system.

4. This brief complies with the privacy-redaction requirement of 5th Cir. R. 25.2.13 because it has been redacted of any personal data identifiers.

5. This brief complies with the electronic submission requirement of 5th Cir. R. 25.2.1 because it is an exact copy of the paper document.

6. This brief has been scanned for viruses with the most recent version of a commercial antivirus scanning program and is free of viruses.

*/s/ Dennis Hester*